[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13576
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00492-CR-WSD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO PINALES-ESPINAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 21, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant Pedro Pinales-Espinal ("Pinales") appeals his 46-month sentence

for possessing with intent to distribute at least 100 grams of heroin, in violation of

21 U.S.C. § 841(a)(1) and (b)(1)(B)(i), and importing the same into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) and (b)(2)(A). On appeal, he argues that the district court erred in denying him a two-level reduction for being a minor participant under U.S.S.G. § 3B1.2(b). Pinales also argues that his sentence is unreasonable because the court unduly emphasized the sentencing guideline range and did not account for the § 3553(a) factors, other than general deterrence, resulting in a sentence greater than necessary to comply with the purposes of sentencing. Having read the parties' briefs and reviewed the record, we discern no error. Accordingly, we affirm.

## I.

We review a district court's determination of whether a defendant is entitled to a mitigating role reduction for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant has the burden of establishing entitlement to a reduction by a preponderance of the evidence. *Id.* at 939.

"[A] district court's determination of a defendant's mitigating role in the offense should be informed by two modes of analysis." *De Varon*, 175 F.3d at 945. First, and most important, the district court must decide whether the defendant is a minor participant in relation to the relevant conduct for which he has been held accountable. *Id.* This inquiry will often be dispositive. *Id.* If a

defendant's actual conduct is identical to the relevant conduct considered for sentencing purposes, the defendant cannot prove that an adjustment is appropriate "simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." *Id.* at 941. Second, "the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct." *Id.* at 945. Not all participants are relevant, and two guiding principles apply in this regard: (1) "the district court should look to other participants only to the extent that they are identifiable or discernable from the evidence"; and (2) "the district court may consider only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." *Id.* at 944.

In making the ultimate finding concerning the defendant's role, the district court should measure the facts against each mode of the analysis. *Id.* at 945. In the drug courier context, we have set forth a non-exhaustive list of factors for the district court to consider in making the determination, including the amount of drugs, their fair market value, the amount of money to be paid to the courier and any equity interest the courier might have in the drugs, the courier's role in planning the criminal scheme, and the courier's role in the distribution. *Id.* In the

3

final analysis, the decision of whether a drug courier qualifies for a minor-role reduction "falls within the sound discretion of the trial court." *Id.*

In this case, the district court's conclusion that Pinales was not entitled to a minor role reduction was not clear error. The district court properly applied the analytical framework set out in *De Varon*. In relation to the first inquiry under *De Varon*, the district court correctly found that Pinales' actual conduct, ingesting and carrying 614 grams of heroin into the country, was identical to the relevant conduct for which he was held accountable. In relation the second inquiry under *De Varon*, the district court did not err when it found that Pinales failed to name any identifiable participant in the same relevant conduct against whom his conduct could be measured. Although it is undisputed that a man identified as Machado-Morales notified U.S. agents that Pinales might try to enter the country with drugs, Pinales produced no evidence demonstrating that Machado-Morales was involved in Pinales' relevant conduct. That being the case, the district court did not err in finding that Machado-Morales was not a participant in Pinales' relevant conduct. Because both modes of analysis set out in *De Varon* indicate that Pinales was not entitled to a minor-role reduction, the district court did not clearly err in finding that Pinales was not entitled to a minor-role reduction.[1]

---

[1] Additionally, we note that Pinales' argument that the district court did not give consideration to the purity level of the heroin in this case is without merit.

II.

In reviewing the reasonableness of a sentence, we apply an abuse-of-discretion standard. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We first review a sentence for procedural error. *Id.* If no procedural error is found, we then examine whether the sentence is substantively reasonable under the totality of the circumstances. *Id.*

A district court commits procedural error where, among other things, it miscalculates the advisory guideline range, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence. *Id.* In its consideration of the § 3553(a) factors, the district court does not need to discuss each factor explicitly. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under [*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)]." *Id.*

The party challenging the sentence has the burden of establishing unreasonableness in light of the record and the § 3553(a) factors. *Id.* at 788. A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." *Pugh*, 515 F.3d at 1191 (internal quotation marks

5

omitted). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court," and this Court "will not substitute [its] judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (internal quotation marks omitted). Although we apply no presumption as to the reasonableness of a sentence within the Guidelines range, "ordinarily we would expect a sentence within the Guidelines range to be reasonable." *Talley*, 431 F.3d at 788.

The district court committed no procedural error. Because it was not error to deny Pinales a minor-role reduction, the Guidelines range calculation was correct. The record does not support Pinales' argument that the Guidelines range alone motivated the court's sentencing decision. The court explicitly stated that it took into account all of the § 3553(a) criteria, along with the parties' arguments. Moreover, the court discussed Pinales' background, the nature of his offense, the seriousness of his offense, and the need to afford adequate deterrence. Thus, Pinales has failed to demonstrate any procedural error.

Finding no procedural error, we now examine whether the sentence is substantively unreasonable under the totality of the circumstances. The record does not support Pinales' contention that the district court somehow unduly emphasized general deterrence at the expense of the other § 3553(a) factors.

6

Instead, the record shows that the district court considered the Guidelines range and the arguments of the parties pertaining to the § 3553(a) factors. As we noted, the district court specifically discussed the nature and circumstances of the offense, the background of the defendant, the applicable Guidelines range, and both specific and general deterrence. Weighing those factors, the district court rendered an individualized sentence, one that was at the low end of the Guidelines range. This Court does not ordinarily substitute its judgment in weighing the relevant factors, *Amedeo*, 487 F.3d at 832, and the record does not indicate that the district court abused its considerable discretion in this regard. Under the totality of the circumstances, it cannot be said that Pinales' sentence, imposed at the low end of the Guidelines range, was greater than necessary to accomplish the purposes of sentencing. Accordingly, Pinales has not satisfied his burden of establishing substantive unreasonableness in light of the record and the § 3553(a) factors.

Upon review of the record, and consideration of the parties' briefs, we affirm.[2]

**AFFIRMED.**

---

[2] Appellant's request for oral argument is denied.